UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


RICHARD LYNN KELLER,

    Plaintiff,

v.                                                    3:07-cv-281

SHERIFF DAVID DAVENPORT, et al.,

    Defendants.

## MEMORANDUM AND ORDER

The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

Plaintiff is confined in the Jefferson County Detention Center. The defendants are Jefferson County Sheriff David Davenport, Chief Merlin Foister, Sgt. Rickey Oakes, Correctional Officer Charlie Wood, and maintenance workers Jeff Denton and Terry Smith. Plaintiff alleges that he was in isolation on May 3, 2007, and his toilet would not flush. He

asked to be moved to another cell until the toilet could be fixed, but was told no. According to plaintiff, he was forced to stay in those unsanitary conditions for approximately twenty-four (24) hours. Plaintiff does not seek monetary damages, but only that the people who violated his civil rights be punished.

A prison official violates an inmate's rights under the Eighth Amendment if, acting with deliberate indifference, the official exposes the inmate to a substantial risk of harm to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

> So long as prison officials provide inmates with 'a minimal civilized measure of life's necessities', the requirements of the Eighth Amendment have been met. However, conditions of confinement must not involve the wanton and unnecessary infliction of pain.

*Bellamy v. Bradley*, 729 F.2d 416, 420 (6th Cir. 1984) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The "basic necessities of civilized life" required by the Eighth Amendment include "'reasonably adequate food, clothing, shelter, sanitation, medical care and personal safety.'" *Grubbs v. Bradley*, 552 F. Supp. 1052, 1122 (M.D. Tenn. 1982) (quoting *Newman v. Alabama*, 559 F.2d 283, 291 (5th Cir. 1977)).

The length of time that an inmate is subjected to certain conditions of confinement is relevant in determining whether the confinement meets constitutional standards. *See Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) ("A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months."); *Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir. 1982) ("allegations of two days of discomfort are not

sufficient to state a claim of constitutional dimension"). Under the circumstances, plaintiff's allegation that he was forced to remain in an unsanitary cell for 24 hours fails to assert conditions of confinement so inadequate as to rise to the level of cruel and unusual punishment in violation of the Eighth Amendment.

Although this court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is an inmate in the Jefferson County Detention Center, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Jefferson County, Tennessee, and the county attorney for Jefferson County, Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

**E N T E R:**

                                                     s/ Thomas W. Phillips
                                                   United States District Judge